IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT
EASTERN DIVISION

| | | |
|---|---|---|
| VANITY COLE | ) | CASE NO. |
| 15615 Glendale Avenue | ) | |
| Cleveland, OH 44128 | ) | JUDGE: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND REINSTATEMENT** |
| SOLON POINTE AT EMERALD RIDGE, | ) | |
| LLC | ) | **JURY DEMAND ENDORSED** |
| 5625 Emerald Ridge Parkway | ) | **HEREIN** |
| Solon, Ohio 44139 | ) | |
| | ) | |
| **Serve also:** | ) | |
| Eric M. Simon, | ) | |
| Statutory Agent | ) | |
| 200 Public Square, Ste. 3500 | ) | |
| Cleveland, OH 44114 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Vanity Cole, by and through undersigned counsel, as her Complaint against the

Defendant, states and avers the following:

**PARTIES**

1.     Cole is a resident of the city of Cleveland, county of Cuyahoga, state of Ohio.

2.     Solon Pointe at Emerald Ridge, LLC ("Solon Pointe") is a domestic, for profit, corporation

with its principal place of business located at 5625 Emerald Ridge Parkway, Solon, Ohio

44139.

3.     Solon Pointe was at all times hereinafter mentioned an employer within the meaning of 42

U.S.C. § 2000e *et seq.*

4.     Solon Pointe was at all times hereinafter mentioned an employer within the meaning of

R.C. § 4112.01 *et seq.*

5.      All of the material events alleged in this Complaint occurred in Cuyahoga County.

## JURISDICTION & VENUE

6.      This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Cole is alleging a federal law claim under the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq.*

7.      This Court has supplemental jurisdiction over Cole's state law claims pursuant to 28 U.S.C. § 1367 as Cole's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9.      Within 300 days of the conduct alleged below, Cole filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2022-00215 against Solon Pointe at Emerald Ridge, LLC, operating at 5625 Emerald Ridge Parkway, Solon, Ohio, 44139.

10.     On or about October 20, 2022, the EEOC issued and mailed a Notice of Right to Sue letter to Cole regarding the Charges of Discrimination brought by Cole against Solon Pointe in EEOC Agency Charge No. 532-2022-00215.

11.     Cole received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) - which has been attached hereto as Plaintiff's Exhibit A.

12.     Cole has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

13.     Cole has properly exhausted her administrative remedies pursuant to 29 C.F.R. 1614.407(b).

14.     Cole has properly exhausted her administrative remedies pursuant to R.C. § 4112.01 *et seq.*

## FACTS

15.     Cole is a former employee of Solon Pointe.

16.     Solon Pointe employed Cole from in or around June 2021 until they unlawfully terminated

        Cole's employment on or about October 27, 2021.

17.     Solon Pointe employed Cole in the position of Dietary Director.

18.     Cole is a transgender female who identifies as LGBTQ+.

19.     During the course of Cole's employment, Solon Pointe kitchen employees and Solon

        Pointe management harassed Cole because of her sex.

20.     Cole's co-workers frequently asked Cole if her breasts were real ("Real Breasts Harassing

        Question.")

21.     Cole's co-workers did not ask non-LGBTQ+ employees if their breasts were real.

22.     Alternatively, Cole's co-workers did not ask the Real Breasts Harassing Question to

        employees whom they believed were heterosexual.

23.     Cole's co-workers asked Cole the Real Breasts Harassing Question because of Cole's sex.

24.     Cole's co-workers asked Cole the Real Breasts Harassing Question because Cole identified

        as LGBTQ+.

25.     Cole was offended by the Real Breasts Harassing Question.

26.     Alternatively, a person in Cole's position would have been offended by frequently being

        asked the Real Breasts Harassing Question.

27.     Alternatively, the Real Breasts Harassing Question is offensive.

28.     The co-workers' Real Breasts Harassing Question was unwelcomed by Cole.

29.     The co-workers' Real Breasts Harassing Question interfered with Cole's performance.

30.     The co-workers' Real Breasts Harassing Question is gender discrimination.

31.     The co-workers' Real Breasts Harassing Question is sexual harassment.

32.     Cole's co-workers frequently referred to Cole and another LGBTQ+ employee, who worked at Solon Pointe, as "cousins" ("Cousins Related By LGBTQ+ Comment.")

33.     Cole's co-workers did not refer to non-LGBTQ+ employees as "cousins."

34.     Alternatively, Cole's co-workers did not make the Cousins Related By LGBTQ+ to employees whom they believed were heterosexual.

35.     Cole's co-workers made the Cousins Related By LGBTQ+ because of Cole's sex.

36.     Cole's co-workers made the Cousins Related By LGBTQ+ Comment because Cole identified as LGBTQ+.

37.     Cole's co-workers made the Cousins Related By LGBTQ+ Comment to sexually harass Cole.

38.     Cole believed that her co-workers directed the Cousins Related By LGBTQ+ Comment to her and the other employee because they both identified as LGBTQ+.

39.     Cole was offended by the Cousins Related By LGBTQ+ Comment.

40.     Alternatively, a person in Cole's position would have been offended by frequently being subjected to the Cousins Related By LGBTQ+ Comment.

41.     Alternatively, the Cousins Related By LGBTQ+ Comment is offensive.

42.     The co-workers' Cousins Related By LGBTQ+ Comment was unwelcomed by Cole.

43.     The co-workers' Cousins Related By LGBTQ+ Comment interfered with Cole's performance.

44.     The co-workers' Cousins Related By LGBTQ+ Comment is gender discrimination.

45.     The co-workers' Cousins Related By LGBTQ+ Comment is sexual harassment.

46. Cole's co-workers frequently asked Cole if she still had a penis ("Penis Harassment Question.")

47. Cole's co-workers did not ask non-LGBTQ+ employees if they had a penis.

48. Alternatively, Cole's co-workers did not ask the Penis Harassment Question to employees whom they believed were heterosexual.

49. Cole's co-workers asked Cole the Penis Harassment Question because of Cole's sex.

50. Cole's co-workers asked Cole the Penis Harassment Question because Cole identified as LGBTQ+.

51. Cole's co-workers asked Cole the Penis Harassment Question to sexually harass Cole.

52. Cole believed that his co-workers asked her the Penis Harassment Question because she is transgender.

53. Cole was offended by the Penis Harassment Question.

54. Alternatively, a person in Cole's position would have been offended by frequently being asked the Penis Harassment Question.

55. Alternatively, the Penis Harassment Question is offensive.

56. The co-workers' Penis Harassment Question was unwelcomed by Cole.

57. The co-workers' Penis Harassment Question interfered with Cole's performance.

58. The co-workers' Penis Harassment Question is gender discrimination.

59. The co-workers' Penis Harassment Question is sexual harassment.

60. In or around September 2021, Cole reported the Real Breasts Harassing Question, Cousins Related By LGBTQ+ Comment, and the Penis Harassment Question to Susan Kane, Solon Pointe's Director of Human Resources ("First Discrimination and Sexual Harassment Complaint.")

61.     Kane was at all times hereinafter mentioned, an individual who was a manager and/or supervisor at Solon Pointe who acted directly or indirectly in the interest of Solon Pointe.

62.     As a manager and/or supervisor, Kane had authority to discipline, hire, and fire employees of Solon Pointe.

63.     In response to Cole's First Discrimination and Sexual Harassment Complaint, Kane told Cole that these were "teachable moments" and took no further action.

64.     Based on Solon Pointe's policies, First Discrimination and Sexual Harassment Complaint were considered to be significant workplace incidents.

65.     Defendant has a policy and practice of fully investigating significant workplace incidents.

66.     Defendant has a policy and practice of getting written statements from all participants to significant workplace incidents.

67.     Defendant has a policy and practice of getting written statements from all witnesses to significant workplace incidents.

68.     Defendant violated their policy and practice of fully investigating significant workplace incidents regarding Cole's First Discrimination and Sexual Harassment Complaint.

69.     Defendant violated their policy and practice of getting written statements from all participants to significant workplace incidents regarding Cole's First Discrimination and Sexual Harassment Complaint.

70.     Defendant violated their policy and practice of getting written statements from all witnesses to significant workplace incidents regarding Cole's First Discrimination and Sexual Harassment Complaint.

71.     Defendant's failure to follow their policy and practice of fully investigating significant workplace incidents was an adverse action against Cole.

72.  Defendant's failure to follow their policy and practice of getting written statements from all participants to significant workplace incidents was an adverse action against Cole.

73.  Defendant's failure to follow their policy and practice of getting written statements from all witnesses to significant workplace incidents was an adverse action against Cole.

74.  Kane disregarded Cole's First Discrimination and Sexual Harassment Complaint and failed to take prompt remedial action with respect to Cole's First Discrimination and Sexual Harassment Complaint.

75.  No employee was given a verbal warning as a result of their discriminatory and/or sexually harassing conduct against Cole.

76.  No employee was given a written warning as a result of their discriminatory and/or sexually harassing conduct against Cole.

77.  No employee's employment at Solon Pointe was suspended as a result of their discriminatory and/or sexually harassing conduct against Cole.

78.  No employee's employment at Solon Pointe was terminated as a result of their discriminatory and/or sexually harassing conduct against Cole.

79.  No Solon Pointe employee could reasonably be expected to satisfactorily perform while frequently being subjected to discriminatory and/or sexually harassing conduct.

80.  Defendant knew that neither Cole nor any other Solon Pointe employee, could successfully perform while frequently being subjected to discriminatory and/or sexually harassing conduct.

81.  Defendant failed to act in response to Cole's First Discrimination and Sexual Harassment Complaint in order to set her up to fail.

82.  Solon Pointe's failure to act in response to Cole's First Discrimination and Sexual Harassment Complaint ratified the discriminatory and/or sexually harassing conduct reported by Cole.

83.  As a result of Solon Pointes' failure to act in response to Cole's First Discrimination and Sexual Harassment Complaint, Cole's co-workers continued to discriminate against and/or sexually harass Cole.

84.  Alexander Hall, Cole's co-worker, frequently and intentionally referred to Cole as "sir" in front of the entire kitchen staff ("Intentional Misgender Reference.")

85.  Cole would immediately correct Hall's Intentional Misgender Reference by asking Hall to use the pronouns she, her, and hers when referring to Cole.

86.  After Cole corrected Hall's Intentional Misgender Reference, Hall mocked Cole by saying, "Yes, SIR!!"

87.  Hall did not intentionally misidentify the gender of employees he believed to be heterosexual.

88.  Hall made the Intentional Misgender Reference because of Cole's sex.

89.  Hall made the Intentional Misgender Reference because Cole identified as LGBTQ+.

90.  Hall made the Intentional Misgender Reference to sexually harass Cole.

91.  Hall made the Intentional Misgender Reference to Cole because Cole is transgender.

92.  Cole was offended by the Intentional Misgender Reference.

93.  Alternatively, a person in Cole's position would have been offended by the frequent Intentional Misgender Reference.

94.  Alternatively, the Intentional Misgender Reference is offensive.

95.  Hall's Intentional Misgender Reference was unwelcomed by Cole.

96.    Hall's Intentional Misgender Reference interfered with Cole's performance.

97.    Hall's Intentional Misgender Reference is gender discrimination.

98.    Hall's Intentional Misgender Reference is sexual harassment.

99.    On or about October 4, 2021, Cole reported the Intentional Misgender Reference to Kane ("Second Discrimination and Sexual Harassment Complaint.")

100.   In response to Cole's Second Discrimination and Sexual Harassment Complaint, Kane failed to take prompt remedial action.

101.   Solon Pointe's failure to act in response to Cole's Second Discrimination and Sexual Harassment Complaint ratified the discriminatory and/or sexually harassing conduct against Cole.

102.   Solon Pointe's failure to act in response to Cole's Second Discrimination and Sexual Harassment Complaint allowed the discriminatory and/or sexually harassing conduct to continue.

103.   Rocco Last Name Unknown ("Rocco LNU") is employed by Solon Pointe as an Administrator.

104.   Rocco LNU was at all times hereinafter mentioned, an individual who was a manager and/or supervisor at Solon Pointe who acted directly or indirectly in the interest of Solon Pointe.

105.   As a manager and/or supervisor, Rocco LNU had authority to discipline, hire, and fire employees of Solon Pointe.

106.   On or about October 27, 2021, Rocco LNU, terminated Cole's employment ("Termination.")

107.   Solon Pointe's alleged reason for Termination of Cole's employment was that Cole caused too much chaos in the kitchen.

108.   Solon Pointe's Termination of Cole's employment is an adverse action.

109.   Solon Pointe's Termination of Cole's employment is an adverse employment action.

110.   Upon information and belief, Solon Pointe has a progressive disciplinary policy,

111.   Upon information and belief, Solon Pointe's disciplinary policy calls for escalating levels of discipline beginning with a verbal warning, written warning, final written warning, suspension, and ultimately leading up to termination.

112.   Cole did not receive a verbal warning.

113.   Cole did not receive a written warning.

114.   Cole did not receive a final written warning.

115.   Cole did not receive a suspension.

116.   By terminating Cole's employment, Solon Pointe violated its own progressive discipline policy.

117.   Solon Pointe's purported reason for terminating Cole's employment is pretext for gender discrimination.

118.   Solon Pointe's purported reason for terminating Cole's employment is pretext for sexual harassment.

119.   On or about October 27, 2021, Solon Pointe actually terminated Cole's employment in retaliation for making a First Report of Discrimination and Sexual Harassment and a Second Report of Discrimination and Sexual Harassment.

120.   Defendant did not proffer a legitimate non-discriminatory reason for terminating Cole.

121.   Defendant did not proffer a legitimate non-retaliatory reason for terminating Cole.

122.   As a result of being constantly harassed and insulted on the basis of her sex during her employment at Solon Pointe and being wrongfully terminated from Solon Pointe, Cole has suffered severe emotional distress, anxiety, and depression.

123.   Upon information and belief, subsequent to terminating Cole's employment, Defendant hired a cis-gendered male person to replace Cole.

124.   Alternatively, upon information and belief, subsequent to terminating Cole's employment, Defendant hired a non-transgender/non-LGBTQ+ person to replace Cole.

125.   The above facts demonstrate that Defendant engaged in a pattern and practice of unlawful gender discrimination.

126.   The above facts demonstrate that Defendant engaged in a pattern and practice of unlawful sexual harassment.

127.   The above facts demonstrate that Defendant engaged in a pattern and practice of unlawful retaliation.

128.   There is a causal connection between Cole's sex and Defendant's Termination of Cole's employment.

129.   There is a causal connection between Cole's reporting gender discrimination and sexual harassment and Defendant's Termination of Cole's employment.

130.   As a direct and proximate result of Defendant's conduct, Cole suffered and will continue to suffer damages, including economic damages and emotional distress damages.

**COUNT I: GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C. 2000e *et seq*.**

131.   Cole restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

132. Cole is a member of a statutorily protected class based on her sex under 42 U.S.C § 2000e *et seq.*

133. Alternatively, Cole is a member of a statutorily protected class based on her gender under 42 U.S.C § 2000e *et seq.*

134. Defendant treated Cole differently than other similarly situated employees based on her sex.

135. Alternatively, Defendant treated Cole differently than other similarly situated employees based on her gender.

136. Defendant discriminated against Cole on the basis of her sex throughout her employment with the company.

137. Defendant discriminated against Cole on the basis of her gender throughout her employment with the company.

138. Cole's co-workers frequently asked Cole if her breasts were real.

139. Cole's co-workers frequently referred to Cole and another LGBTQ+ employee, who worked at Solon Pointe, as "cousins."

140. Cole's co-workers frequently asked Cole if she still had a penis.

141. Cole's co-worker, frequently and intentionally misidentified Cole's gender as "sir" in front of the entire kitchen staff.

142. Cole reported the Real Breasts Harassing Question, Cousins Related By LGBTQ+ Comment, and the Penis Harassment Question to Kane, Solon Pointe's Director of Human Resources by making a First Report of Discrimination And Sexual Harassment.

143. Cole's co-worker, Hall, frequently and intentionally referred to Cole as "sir" in front of the entire kitchen staff.

144.    Cole reported the Intentional Misgender Reference to Kane by making a Second Report of Discrimination And Sexual Harassment.

145.    Solon Pointe took no action in response to Cole's First Report of Discrimination And Sexual Harassment.

146.    Solon Pointe took no action in response to Cole's Second Report of Discrimination And Sexual Harassment.

147.    On or about October 27, 2021, Solon Pointe terminated Cole's employment because of her sex.

148.    Alternatively, on or about October 27, 2021, Solon Pointe terminated Cole's employment because of her gender.

149.    Defendant terminated Cole's employment without just cause.

150.    Defendant's discrimination against Cole based on her sex violates 42 U.S.C § 2000e *et seq.*

151.    Defendant's discrimination against Cole based on her gender violates 42 U.S.C § 2000e *et seq.*

152.    Cole suffered emotional distress as a result of Defendant's conduct and is entitled emotional distress damages pursuant to 42 U.S.C § 2000e *et seq.*

153.    As a direct and proximate result of Defendant's conduct, Cole suffered and will continue to suffer damages, including economic damages and emotional distress damages.

**COUNT II: GENDER DISCRIMINATION IN VIOLATION OF R.C. 4112.01 *et seq.***

154.    Cole restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

155.    Cole is a member of a statutorily protected class based on her sex under R.C. 4112.01 *et seq.*

156.  Alternatively, Cole is a member of a statutorily protected class based on her gender under R.C. 4112.01 *et seq.*

157.  Defendant treated Cole differently than other similarly situated employees based on her sex.

158.  Alternatively, Defendant treated Cole differently than other similarly situated employees based on her gender.

159.  Defendant discriminated against Cole on the basis of her sex throughout her employment with the company.

160.  Defendant discriminated against Cole on the basis of her gender throughout her employment with the company.

161.  Cole's co-workers frequently asked Cole if her breasts were real.

162.  Cole's co-workers frequently referred to Cole and another LGBTQ+ employee, who worked at Solon Pointe, as "cousins."

163.  Cole's co-workers frequently asked Cole if she still had a penis.

164.  Cole's co-worker, frequently and intentionally misidentified Cole's gender as "sir" in front of the entire kitchen staff.

165.  Cole reported the Real Breasts Harassing Question, Cousins Related By LGBTQ+ Comment, and the Penis Harassment Question to Kane, Solon Pointe's Director of Human Resources by making a First Report of Discrimination And Sexual Harassment.

166.  Cole's co-worker, Hall, frequently and intentionally referred to Cole as "sir" in front of the entire kitchen staff.

167.  Cole reported the Intentional Misgender Reference to Kane by making a Second Report of Discrimination And Sexual Harassment.

168.    Solon Pointe took no action in response to Cole's First Report of Discrimination And Sexual Harassment.

169.    Solon Pointe took no action in response to Cole's Second Report of Discrimination And Sexual Harassment.

170.    On or about October 27, 2021, Solon Pointe terminated Cole's employment because of her sex.

171.    Alternatively, on or about October 27, 2021, Solon Pointe terminated Cole's employment because of her gender.

172.    Defendant terminated Cole's employment without just cause.

173.    Defendant's discrimination against Cole based on her sex violates R.C. 4112.01 *et seq.*

174.    Defendant's discrimination against Cole based on her gender violates R.C. 4112.01 *et seq.*

175.    Cole suffered emotional distress as a result of Defendant's conduct and is entitled emotional distress damages pursuant to R.C. 4112.01 *et seq.*

176.    As a direct and proximate result of Defendant's conduct, Cole suffered and will continue to suffer damages, including economic damages and emotional distress damages.

**COUNT III:  SEXUAL HARASSMENT IN VIOLATION OF 42 U.S.C. 2000e *et seq*.**

177.    Cole restates each and every paragraph of this Complaint as though it were fully restated herein.

178.    Cole was subjected to unwelcomed sexual harassment in the form of sexual comments, inappropriate sexual gestures, and sexual advances.

179.    Cole's co-workers frequently asked Cole if her breasts were real.

180.    Cole's co-workers frequently referred to Cole and another LGBTQ+ employee, who worked at Solon Pointe, as "cousins."

181.    Cole's co-workers frequently asked Cole if she still had a penis.

182.    Cole's co-worker, frequently and intentionally misidentified Cole's gender as "sir" in front of the entire kitchen staff.

183.    Defendant created and sustained an environment of severe and pervasive sexual harassment in the form of unwelcomed sexual comments, inappropriate sexual gestures, and sexual advances.

184.    As a direct and proximate result of the intimidating, offensive and hostile environment created and sustained by Defendant, Cole repeatedly reported the sexual harassment to Kane, who failed to act to correct the intimidating and offensive conduct.

185.    Defendant's actions amount to discrimination on the basis of sex through the creation of a hostile work environment in violation of 42 U.S.C § 2000e *et seq.*

186.    Hall's sexual harassment of Cole occurred while she was acting in the course and scope of her employment as the Dietary Director.

187.    Solon Pointe had knowledge that Cole was being sexually harassed and failed to take any corrective or remedial action.

188.    Cole suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to 42 U.S.C § 2000e *et seq.*

189.    As a direct and proximate result of Defendant's conduct, Cole has suffered and will continue to suffer damages, including economic damages and emotional distress damages.

**COUNT IV:  SEXUAL HARASSMENT IN VIOLATION OF R.C. 4112.01 *et seq.***

190.    Cole restates each and every paragraph of this Complaint as though it were fully restated herein.

191.  Cole was subjected to unwelcomed sexual harassment in the form of sexual comments, inappropriate sexual gestures, and sexual advances.

192.  Cole's co-workers frequently asked Cole if her breasts were real.

193.  Cole's co-workers frequently referred to Cole and another LGBTQ+ employee, who worked at Solon Pointe, as "cousins."

194.  Cole's co-workers frequently asked Cole if she still had a penis.

195.  Cole's co-worker, frequently and intentionally misidentified Cole's gender as "sir" in front of the entire kitchen staff.

196.  Defendant created and sustained an environment of severe and pervasive sexual harassment in the form of unwelcomed sexual comments, inappropriate sexual gestures, and sexual advances.

197.  As a direct and proximate result of the intimidating, offensive and hostile environment created and sustained by Defendant, Cole repeatedly reported the sexual harassment to Kane, who failed to act to correct the intimidating and offensive conduct.

198.  Defendant's actions amount to discrimination on the basis of sex through the creation of a hostile work environment in violation of R.C. 4112.02(A).

199.  Hall's sexual harassment of Cole occurred while she was acting in the course and scope of her employment as the Dietary Director.

200.  Solon Pointe had knowledge that Cole was being sexually harassed and failed to take any corrective or remedial action.

201.  Cole suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. 4112.01 *et seq.*

202.    As a direct and proximate result of Defendant's conduct, Cole has suffered and will continue to suffer damages, including economic damages and emotional distress damages.

## COUNT V: HOSTILE WORK ENVIRONMENT ON THE BASIS OF GENDER DISCRIMINATION

203.    Cole restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

204.    During her employment with Solon Pointe, Cole was subjected to offensive and harassing conduct by his co-workers because of his gender.

205.    Defendant knew or should have known of the harassing conduct against Cole by Coles' co-workers.

206.    Defendant condoned, tolerated, and ratified this harassing conduct.

207.    This harassing conduct was severe and/or pervasive.

208.    This harassing conduct was offensive to Cole.

209.    This harassing conduct interfered with Cole's ability to perform her job duties.

210.    Defendant's offensive and harassing conduct created a hostile and/or abusive work environment for Cole.

211.    Defendant's offensive and harassing conduct created a hostile and/or abusive work environment for the reasonable person similarly situated to Cole.

212.    Cole suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. 4112.01 *et seq*.

213.    As a direct and proximate result of Defendant's conduct, Cole has suffered and will continue to suffer damages, including economic damages and emotional distress damages.

## COUNT VI: RETALIATORY DISCRIMINATION IN VIOLATION OF R.C. 4112.01 *et seq.*

214. Cole restates each and every prior paragraph of this complaint, as if it were fully restated herein.

215. As a result of the Defendant's discriminatory conduct described above, Cole made her First Discrimination And Sexual Harassment Complaint.

216. As a result of the Defendant's discriminatory conduct described above, Cole made her Second Discrimination And Sexual Harassment Complaint.

217. Subsequent to Cole's First and Second Discrimination And Sexual Harassment Complaints, Solon Pointe terminated Cole's employment on or about October 27, 2021.

218. Defendant's actions were retaliatory in nature based on Cole 's opposition to the unlawful discriminatory conduct.

219. Pursuant to R.C. 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

220. Cole suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. 4112.01 *et seq.*

221. As a direct and proximate result of Defendant's retaliatory discrimination against and termination of Cole's employment, Cole suffered and will continue to suffer damages, including economic damages and emotional distress damages.

### DEMAND FOR RELIEF

WHEREFORE, Vanity Cole respectfully requests relief against Defendant as set forth below:

(a) Issue an order requiring Solon Pointe to restore Cole to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b)     An award against each Defendant of compensatory and monetary damages to compensate Cole for compensatory damages, non-compensatory damages, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c)     An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d)     An award of reasonable attorneys' fees and non-taxable costs for Ms. Cole's claims as allowable under law;

(e)     An award of the taxable costs of this action; and

(f)     An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Shashelia Degraffinried*
Daniel S. Dubow (0095530)
Shashelia Degraffinried (0101692)
SPITZ, THE EMPLOYEE'S LAW FIRM
25825 Science Park Dr., Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email:
daniel.dubow@spitzlawfirm.com
shelia.degraffinried@spitzlawfirm.com

*Attorneys For Plaintiff Vanity Cole*

## **JURY DEMAND**

Plaintiff, Vanity Cole, demands a trial by jury by the maximum number of jurors permitted.

Respectfully submitted,

*/s/ Shashelia Degraffinried*
Daniel S. Dubow (0095530)
Shashelia Degraffinried (00101692)
**SPITZ, THE EMPLOYEE'S LAW FIRM**

*Attorneys For Plaintiff Vanity Cole*